By the Court, Bronson, J.
The refusal of a servant to deliver goods |ntrusted to him by his employer, on a demand made by a stranger, is not sufficient evidence of a conversion in an action against the servant. (Mires v. Solebay, 2 Mod. 242; *457 Alexander v. Southey, 5 Barn. & Ald. 247; 2 Phill. Ev. 226.) Nor is a demand of the servant sufficient to charge the master, unless the former acted under the direction of the latter in refusing to deliver the goods. (Storm v. Livingston, 6 Johns. R. 44; Pothonier v. Dawson, Holt’s N. P. Rep. 383.) The demand made of Jackson, and his refusal to deliver the property because he had no authority to do so, was neither sufficient to charge him, nor his employer Mount; and there was no other demand before suit brought.
Now what was the supposed adoption or ratification of Jackson’s refusal to deliver the property? Mount said, in substance, that Jackson had done right in not delivering up the property, because he had no authority to do so. This was saying no more than the law says, and proves nothing in favor of the action. If a man without my license or command commit a trespass for my use or benefit, subsequent assent will make the act my own, and I may be treated as a wrongdoer. (4 Inst. 317; Com. Dig. Trespass, (C1).) But if my servant properly refuse to do an act because he has no authority, and I afterwards approve of his conduct for that reason, it is no wrong, and an action cannot be based upon it. The demand of Jackson must go for nothing. As the charge upon this point may have misled the jury, there must be a new trial.
Mount said he would have refused to give up the property; Babcock owed him a small bill, and he was justified in detaining the property. But that belongs to another branch of the case, which it is not necessary to examine.
Judgment reversed.